# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE ANNE WATKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 11-0343 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On March 8, 2011, plaintiff Dale Anne Watkins ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of supplemental security income benefits ("SSI"). [Docket No. 3.]

On October 3, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 14, 15.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, there is

substantial evidence in the record, taken as a whole, to support the decision of the Administrative Law Judge ("ALJ"). Thus, the Court affirms the Commissioner's decision denying benefits.

## II.
## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 48 years old on the date of her administrative hearing, has a high school equivalent education and training as a cosmetologist. (*See* Administrative Record ("AR") at 20, 28, 56, 128, 151.)

On August 24, 2007, Plaintiff filed for SSI, alleging that she has been disabled since February 1, 2002 due to blindness, attention deficit hyperactivity disorder, bipolar disorder, mental illness, and hepatitis C. (*See* AR at 70, 147, 191.)

On December 7, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 20-67.) Elizabeth Ramos, a vocational expert ("VE"), also testified. (*Id.*; *see also id.* at 123-25.)

On January 19, 2010, the ALJ denied Plaintiff's request for benefits. (AR at 9-19.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her SSI application date. (*Id.* at 11.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "lumbar strain with degenerative changes by history, Hepatitis C, corneal scar, left eye, obesity, and bipolar disorder." (AR at 11 (emphasis and citations omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 12.)

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

2

1   The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and
2   determined that she can perform light work.  Specifically, the ALJ found:

> [Plaintiff] can stand and/or walk for six hours in an eight hour
> work day, sit for six hours in an eight hour work day,
> occasionally balance, kneel, crouch, crawl, and stoop, must avoid
> concentrated exposure to fumes, dust, gases, poor ventilation,
> unprotected heights, and dangerous machinery, and cannot
> engage in work requiring continuous near and far vision, but can
> perform frequent near and far vision tasks.  [Plaintiff] can also
> engage in simple, routine work, meaning she can understand,
> remember, and carry[ out] simple job instructions, adapt to a
> routine work setting, use judgment, and interact with others, but
> would have difficulty engaging in complex or detailed work.

(AR at 13 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff has the ability to perform her past relevant work as a retail sales clerk.  (AR at 17.)

In the alternative, at step five, based on Plaintiff's RFC and the VE's testimony, the ALJ also found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including plastic roller, racker of bakery products, and basket filler.  (AR at 18-19.)  Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act.  (*Id.* at 9, 19.)

Plaintiff filed a timely request for review of the ALJ's decision, which was

---

[2]   Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

denied by the Appeals Council. (AR at 1-3, 5.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

/ / /

/ / /

## IV.
## ISSUES PRESENTED

Two disputed issues are presented for decision here:

1. whether the ALJ properly discounted the lay witness testimony, (*see* Joint Stip. at 18-22); and

2. whether the ALJ properly concluded, at steps four and five, that Plaintiff could perform her past relevant work and other work. (*Id.* at 3-15.)

The Court addresses each argument in turn.

## V.
## DISCUSSION AND ANALYSIS

A.  Lay Witness Statements

Plaintiff contends that the "ALJ never specifically addressed" statements made by Plaintiff's mother Patricia Knapp ("Ms. Knapp") in a third party report. (Joint Stip. at 21.) Plaintiff argues that the "ALJ did not indicate what he accepted or rejected regarding Ms. Knapp's testimony nor did he give germane reasons for rejecting this testimony." (*Id.*)

   1.  Legal Standard

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses and citation omitted) (italics in original); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1513(d)(4) (explaining that Commissioner will consider evidence from "non-medical sources[,]" including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy[,]" in determining how a claimant's impairments affect his or her ability to work) & 416.913(d)(4) (same).

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915,

919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Finally, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

### 2. The ALJ Did Not Err in Rejecting Ms. Knapp's Third Party Report

The Court finds that the ALJ properly discounted Ms. Knapp's statements.

Here, the ALJ assigned minimal weight to Ms. Knapp's statements because of inconsistent statements in her own report. The ALJ found that Ms. Knapp "reported that [Plaintiff] is easily distracted, but that [Plaintiff] could follow instructions without distraction." (AR at 12-13.) This conclusion is germane to Ms. Knapp and is supported by substantial evidence. [3] (*Compare id.* at 208 (Ms. Knapp's statement that Plaintiff's "concentration [is] bad now") *with id.* at 209 (Ms. Knapp's statement that Plaintiff is able to follow spoken instructions "without distraction")); *see Lewis*, 236 F.3d at 512 (ALJ properly dismissed family members' testimony based on inconsistent testimony); *Hernandez v. Astrue*, 2010 WL 2044531, at *7-*8 (C.D. Cal. 2010) (finding ALJ's rejection of lay witness testimony because of inconsistent statements in her own report was a germane reason).

---

[3] The Court also notes that Ms. Knapp's statements are inconsistent with Plaintiff's own testimony. For instance, although Ms. Knapp indicated that Plaintiff attends church once a week, Plaintiff testified that "[m]y kids do, I actually don't." (AR at 45, 208; *compare id.* at 29 (Plaintiff's testimony that she "occasionally" drives) *with id.* at 207 (Ms. Knapp's statement that Plaintiff does not drive).)

6

Thus, the Court finds that the ALJ gave proper weight to Ms. Knapp's testimony.

### B. Step-Four and Step-Five Determination

Plaintiff argues that the ALJ improperly "held that [she] can perform her past relevant work as a Retail Sales Clerk and the additional jobs of Plastic Roller, Bakery Products and Basket Filler." (Joint Stip. at 3 (underlining omitted).) Plaintiff maintains that "the ALJ failed to discuss any of the actual physical and mental demands of plaintiff's past relevant work" and "the job of a Retail Sales Clerk . . . requires Reasoning Level Three skills," which conflict with the ALJ's finding that Plaintiff is limited to simple, routine work. (*Id.* at 5-7.)

With respect to the ALJ's step-five determination, Plaintiff complains that "the job of a Plastic Roller requires working with dangerous machinery and requires Reasoning Level Two skills" and the jobs of "Bakery Products [Racker]" and "Basket Filler" require "working with dangerous machinery." (Joint Stip. at 9, 12-13.) Plaintiff states that "[d]ue to [her] RFC that she must avoid dangerous machinery" and a limitation to "simple, routine work," Plaintiff cannot perform these other jobs. (*Id.* at 10, 11.)

#### 1. Step-Four Determination
##### a. Legal Standard

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). To find that a claimant retains the capacity to perform his or her past relevant work, the ALJ must determine whether the claimant can perform:

1. The actual functional demands and job duties of a particular past relevant job; or
2. The functional demands and job duties of the occupation as generally required by employers throughout the national

7

economy. *Id.* at 845 (quoting Social Security Ruling ("SSR") 82-61,[4/] 1982 WL 31387, at *2). The ALJ may utilize a VE to assist in the determination of whether a plaintiff can perform his or her past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(2) (VEs and Vocational Specialists[5/] can be used at step four to determine whether a claimant can perform past relevant work) & 416.960(b)(2) (same); *accord* SSR 82-61, 1982 WL 31387, at *2; *see also* SSR 00-4p, 2000 WL 1898704, at *2 (VEs can be utilized by ALJ at administrative hearings to provide vocational evidence).

In particular, an ALJ's determination that a plaintiff has the RFC to perform his or her past relevant work must contain the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4; *see also Soria v. Callahan*, 16 F. Supp. 2d 1145, 1151 (C.D. Cal. 1997) ("At step four, the ALJ is obliged to ascertain the demands of the claimant's former work and to compare those demands with present capacity.").

---

[4/] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

[5/] While a VE provides evidence at hearings before an ALJ, a vocational specialist "provide[s] evidence to disability determination services (DDS) adjudicators[.]" SSR 00-4P, 2000 WL 1898704, at *1.

          b.     The ALJ Properly Concluded Plaintiff Could Perform Her Past Relevant Work

The Court finds that the ALJ's step-four determination is supported by substantial evidence.

The ALJ found Plaintiff "is capable of performing [her] past relevant work as a Retail Sales Clerk" and properly made findings based on the VE's testimony.[6] (AR at 17); *Soria*, 16 F. Supp. 2d at 1151. At the hearing, the VE testified that Plaintiff's past relevant work as a floor person at Kmart is reflected in the *Dictionary of Occupational Titles* ("DOT") as a retail sales clerk. (AR at 59.) Based on Plaintiff's "disability report" and "work history," the VE stated that she had "sufficient information to provide a description of [Plaintiff's] past work both in terms of the complexity and exertional requirements[.]" (*Id.* at 58.)

In Plaintiff's work history report, she indicated that as a floor person at Kmart, she "helped customers, filled shelves[, and] designed displays" and occasionally "stock[ed] shelves . . . or carr[ied] something for a customer." (AR at 171; *see also id.* at 146-52, 169-76.) Accordingly, the VE stated that a retail sales clerk requires reasoning level three skills as generally performed, *see* DOT 290.477-014, but only requires reasoning level two skills as actually performed based on the fact that "the

---

[6] Although the ALJ mistakenly summarized that the VE testified that Plaintiff can "perform her past relevant work as a Retail Sales Clerk as *actually* and generally performed," (AR at 18 (emphasis added); *see also id.* at 59), the ALJ's error is harmless as he properly determined that Plaintiff could perform her past relevant work as actually performed. *Pinto*, 249 F.3d at 845 ("[C]ourts have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the [Commissioner's] regulations[.]") (emphasis in original); *see also Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (At step four, "[t]he claimant has the burden of proving an inability to return to his former type of work and not just to his former job.").

file does not indicate cashiering." (AR at 59.) Thus, the ALJ properly relied on the VE's testimony which was based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (ALJ may properly rely on a VE's testimony in rendering a step-four decision).

Plaintiff contends that the ALJ's RFC limiting her to simple, routine work correlates only with reasoning level one skills. (Joint Stip. at 11.) However, reasoning level two is compatible with an RFC restricted to simple, routine work.[7] *See Lara v. Astrue*, 305 Fed.Appx. 324, 326 (9th Cir. 2008) ("[S]omeone able to perform simple, repetitive tasks is capable of doing work requiring more vigor and sophistication – in other words, Reasoning Level 2 jobs."); *Scott v. Astrue*, 2011 WL 1584144, at *6 (C.D. Cal. 2011) (holding that a limitation to simple, repetitive tasks is consistent with reasoning level two jobs); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) ("Someone able to perform simple, repetitive instructions indicates a level of reasoning sophistication above" reasoning level one); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (level two reasoning consistent with limitation to simple and routine tasks); *Munoz v. Astrue*, 2011 WL 6132955, at *9 (C.D. Cal. 2011) (reasoning level two compatible with limitation to simple tasks); *Money v. Barnhart*, 91 Fed.Appx. 210, 215 (3d Cir. 2004) (finding an RFC limiting the claimant to "simple, routine tasks" was consistent with work requiring reasoning level two).

---

[7] The DOT "employs a much more graduated, measured and finely tuned scale" than the Social Security regulations, which "separate a claimant's ability to understand and remember things and to concentrate into just two categories: 'short and simple instructions' and 'detailed' or 'complex' instructions." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (citing 20 C.F.R. § 416.969a(c)(1)(iii)). A job with a reasoning level of two requires that the worker "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and deal with problems "involving a few concrete variables[.]" *See, e.g.,* DOT 690.685-498, 1991 WL 678621.

### 2. Step-Five Determination

Plaintiff argues that the other jobs "identified by the VE are also inconsistent with Plaintiff's limitations as set forth in her RFC" because "the job of a Plastic Roller requires working with dangerous machinery and requires Reasoning Level Two skills," "Bakery Products [Racker] requires working with dangerous machinery," and "Basket Filler requires working with dangerous machinery." (Joint Stip. at 9, 12-13.)

The Court concludes that any error in the ALJ's step-five determination is harmless.

First, as discussed *supra* § V.B.1.b, a job requirement of reasoning level two comports with a limitation to simple, routine tasks.

Second, it is not apparent that the ALJ's finding that Plaintiff can perform the jobs of plastic roller, bakery products racker, and basket filler is entirely consistent with the ALJ's RFC finding. (*See* AR at 18-19, 61-62); DOT 690.685-498, 1991 WL 678621 (plastic roller occupation requires tending to "machine that winds drop cloths from precut lengths of plastic"); DOT 524.687-018, 1991 WL 674400 (racker occupation in the bakery products industry requires "[removing] wire rack from overhead trolley conveyor"); DOT 529.687-010, 1991 WL 674737 (basket filler occupation requires removing "sealed cans or jars of food products from conveyor," potentially loading "basket in layers, using hydraulic mechanism to lower each layer to table level," and moving "baskets within plant or through cooling tank using trucks or hoist").

For instance, Defendant claims that the "bakery products/racker and basket filler jobs" "do not require work around moving mechanical parts, vibration, electric shocks, high exposed places, explosives, or toxic chemicals." (Joint Stip. at 17.) Yet, the ALJ's RFC limitation was to dangerous machinery, not "moving mechanical parts, vibration, electric shocks, high exposed places, explosives, or toxic chemicals," and the ALJ did not inquire or obtain an explanation for the

11

variance. (*See* AR at 13.) Further, Defendant fails to address Plaintiff's contention that the plastic roller position also requires work around dangerous machinery. (*See generally* Joint Stip. at 15-18.)

In the end though, any error at step five is harmless in light of the ALJ's prior *alternative* finding at step four, namely, Plaintiff's ability to perform her past relevant work as a retail sales clerk. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("Although the ALJ's step four determination constitutes error, it is harmless in light of the ALJ's alternative finding at step five.").

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: January 17, 2012

                                            Hon. Jay C. Gandhi
                                            United States Magistrate Judge